[No. 35033.   Department Two.   December 17, 1959.]

LEO LIPP *et al., Appellants,* v. WILLIAM E. ZIMMERMAN *et al., Respondents.*[1]

*Litchman & Litchman,* for appellants.

*Martin, Shorts & Bever,* for respondents.

[1]Reported in 347 P. (2d) 827.

PER CURIAM.—In this action to recover damages arising from an automobile accident, appellants, plaintiffs below, appeal from a judgment of dismissal entered upon the jury's verdict for the defendants, respondents here.

The court instructed that the defendant truck driver was negligent as a matter of law, but left it to the jury to decide the conflict of the evidence upon the respondents' affirmative defense of the appellants' contributory negligence.

This is the sole error assigned. For this purpose, the evidence and permissible inferences must be considered from the standpoint most favorable to the respondents.

█ While the respondents' truck and trailer combination was stopped at the light-controlled intersection waiting for the signal light to change from red to green, appellent driver, who was traveling in the same direction, stopped his car between the trailer and the curb. There was testimony that the space into which appellant driver drew his car was too narrow for reasonable accommodation, and it is undisputed that the truck's right-turn signal continued flashing from the time the truck stopped. Appellants' counsel frankly conceded in oral argument that, at the intersection in question, only a right turn was possible. Forward travel was blocked by a bridge, and left-hand turns were prohibited. The jury was entitled to find appellant driver had placed himself in a position of peril so that, when the trailer was turned, his car would be squeezed between the trailer and a utility pole at the curb, and it was proper, therefore, to submit the affirmative defense of contributory negligence.

Affirmed.

---

February 4, 1960. Petition for rehearing denied.